UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**UNITED STATES OF AMERICA**

v.                                CRIMINAL ACTION NO. 2:97-00033

**JERRY LEE KEY**


### MEMORANDUM OPINION AND ORDER

The defendant, Jerry Lee Key, proceeding _pro se_, has filed his Motion for Reimbursement/Refund of Court-Ordered Fine, on December 19, 2016, being in the amount of $1,000.

On June 30, 1997, Key pled guilty to a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On September 17, 1997, this court sentenced Key to a term of 210 months imprisonment after finding that he was an armed career criminal under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). Also imposed was a five-year term of supervised release and a $1,000 fine. That sentence was affirmed by the Fourth Circuit Court of Appeals. _United States v. Key_, 145 F.3d 1327, 1998 WL 196603 (4th Cir. 1998). Key was released on March 31, 2011, and began serving the five-year term of supervised

release.  On December 11, 2012, that term of supervised release was revoked and Key was ordered incarcerated for 60 months, with no further term of supervised release to follow.

At sentencing, the court found that the ACCA applied to Key after adopting the finding of the presentence report ("PSR") that he had at least three prior convictions that were "violent felonies" as defined by the ACCA.  The prior offenses, as set forth in the indictment and the PSR, were unlawful wounding in 1989, in violation of W.Va. Code § 61-2-9, and escape in 1990 and in 1993, both in violation of W.Va. Code § 61-5-10.

However, in light of the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015), Key is no longer an armed career criminal because the two escape convictions are no longer "violent felonies" as defined by the ACCA.  That is because the offense of escape is not one of the enumerated offenses under the ACCA and "does not '[have] as an element the use, attempted use, or threatened use of physical force.'"  United States v. Nichols, 563 F.Supp.2d 631, 635 (S.D.W.Va. 2008).  Consequently, the offense of escape could only have counted as a violent felony under the residual clause that was declared unconstitutionally vague in Johnson.  Id. at

635-638 (performing residual clause analysis). Thus, Key no longer had the three predicate convictions (either "violent felonies" or "serious drug offenses") necessary for the ACCA enhancement to apply to him.

As a result, Key's sentence of 210 months was in excess of the 10-year statutory maximum for his federal offense of being a felon in possession of a firearm. As with the statutory term of imprisonment, the ACCA designation increases the statutory maximums related to supervised release and the maximum term of imprisonment available upon revocation rises from two years in prison to five years. 18 U.S.C. § 3559(a)(1), (3); 18 U.S.C. 3583(b), (e)(3). Key's 60-month revocation sentence therefore exceeded the statutory maximum [two years] applicable to his offense of conviction. Inasmuch as the defendant had already served more than two years of the revocation sentence, this court ordered his immediate release pursuant to his second successive § 2255 motion authorized by the Fourth Circuit Court of Appeals.

The defendant now seeks return of the $1,000 fine that he has paid. The court notes that the statutory maximum fine to which the defendant is subject, without consideration of the ACCA, is $250,000 pursuant to 18 U.S.C. § 3571(b)(3). At the

3

time the $1,000 fine was imposed, the guideline range for the fine based upon the offense level corresponding to the ACCA was a range of $17,500 to $175,000.  Had the defendant instead been subject to a calculation of the sentencing guidelines without reference to the ACCA, his Base Offense Level would have been 14 pursuant to then USSG § 2K2.1(a)(6), as a prohibited person.  The defendant was assessed with a two-level enhancement for obstruction of justice and was denied a reduction for acceptance of responsibility, which would have resulted in a Total Offense Level of 16, yielding a fine range of $5,000 to $50,000.

The $1,000 fine imposed on the defendant falls far below the lower level of the guideline range as calculated both at the time of its imposition and now.  The court specifically noted at sentencing that it was limiting the fine to $1,000 because of the defendant's limited ability to pay.

Inasmuch as the fine was properly imposed, there is no basis for the requested refund.  It is accordingly ORDERED that the defendant's motion be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.

DATED: September 29, 2017

John T. Copenhaver, Jr.
United States District Judge